### In re NG WAH CHUNG.

#### NG WAH CHUNG v. PRENTIS, Immigrant Inspector.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1915.)

No. 2102.

ALIENS ⬤⟳32—DEPORTATION OF CHINESE—REGULARITY OF PROCEEDINGS.

Evidence considered, in a habeas corpus proceeding by a Chinese person ordered deported, and *held* insufficient to sustain the charge that he was not given a fair hearing before the immigration inspector.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92, 93–95; Dec. Dig. ⬤⟳32.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

Habeas corpus proceeding by Ng Wah Chung against Percy L. Prentis, Immigration Inspector in charge at Chicago. Petition dismissed, and petitioner appeals. Affirmed.

Wm. R. Medaris, of Chicago, Ill., for appellant.
John E. Byrne, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Appellant, a person of Chinese descent, appeals from an order discharging a writ of habeas corpus and remanding him to the custody of the immigrant inspector.

The basis of the petition for the writ was that petitioner was arrested and tried on a warrant charging that he was an alien likely to become a public charge, while the deportation warrant found that charge to be true and also another, namely, that petitioner was unlawfully in this country because of having entered without inspection, regarding which latter charge petitioner was given no notice before trial and no opportunity to defend.

Deportation would be sustained, if petitioner had a fair hearing upon the charge in the warrant of arrest. Appellant challenges the fairness of the hearing on that issue; but we refrain from entering upon that branch of the case, because we find from the record that petitioner and his counsel had notice that the hearing before the immigration officer would include both charges.

The petition and the answer joined issue on this question of notice, and the evidence presented to the court was all embodied in a written stipulation.

It was stipulated, among other things, that:

"A formal hearing under the rules of the Department of Labor was accorded petitioner, at which the following proceedings were had:

"Mr. Eby: Mr. Kan, advise the alien of the nature of the charges against him.

"Mr. Medaris: Let me see the warrant. (Whereupon Mr. Eby exhibited formal warrant containing one charge, as above set forth.)

"Mr. Kan spoke to petitioner in the Chinese language, and Mr. Kan says he advised petitioner he was being given a hearing on the charge of being unlawfully within the United States, because a person likely to become a public charge, and because he entered without inspection."

Mr. Eby was the examining inspector, Mr. Kan the official interpreter, and Mr. Medaris the counsel of petitioner. There was no stipulation of fact, and no testimony to the effect, that petitioner did not understand that the witnesses about to be examined would testify concerning both charges. At the habeas corpus trial the court could make no other finding than that petitioner had notice. Formal pleadings at hearings of aliens before examining inspectors are neither required nor contemplated. Rule 22 of the Department of Labor, promulgated under authority of the statute, provided:

"If during the hearing new facts are proved, which constitute a reason, in addition to those stated in the warrant of arrest, why the alien is in

the country in violation of the law, the alien's attention should be directed to such facts and reason, and he should be given an opportunity to show why he should not be deported therefor."

Hence, if the only question concerning the fairness of the hearing was whether petitioner had notice of the additional charge, this case would be at an end. But petitioner was also entitled to "an opportunity to show why he should not be deported therefor." The stipulation sets out the testimony of petitioner and Mr. Kan. This testimony shows that, against his then claim of having been born in the United States, he admitted, when arrested, that he was born in China; that petitioner at the hearing admitted, on being confronted with the papers, that he stated when he landed at Vancouver, B. C., and there paid a $500 head tax, that he was born in China; that he went through Canada to Windsor; that from there he traveled to Chicago concealed in a freight car (the route commonly known as the "underground"); that he was not inspected, and evaded inspection by the United States immigrant officers; and that when he emerged from the freight car at Chicago he was arrested. The stipulation admits that petitioner was represented by counsel, and that petitioner and his counsel chose to rest the case upon the testimony of the above-named witnesses. There was no stipulation of fact, and no testimony to the effect, that petitioner had other testimony to offer. So the case is reduced to the contention that petitioner did not have a fair hearing because his counsel, who was present at the hearing, did not understand that both charges were to be investigated. At the habeas corpus trial the burden of establishing this contention, in view of the notice to petitioner and the opportunity given him to meet both charges, was upon petitioner. It is claimed that the contention is established by the facts that counsel asked for and was given the warrant of arrest, which contained but the one charge, and that he limited his cross-examinations to the one charge. But the request to see the warrant of arrest was made in connection with the inspector's direction to the interpreter: . "Advise the alien of the nature of the charges against him." There was no stipulation of fact, and no testimony to the effect, that counsel failed to understand that the inspector directed the interpreter to advise petitioner concerning a plurality of charges; that counsel did not observe the interpreter, in obedience, to the inspector's direction, making a statement in Chinese to petitioner; that counsel during the hearing did not confer with his client; that counsel did not understand the Chinese language; or that counsel was ignorant of rule 22 and the nonnecessity of pleadings at a hearing before the inspector. On the other hand, the stipulation shows that the evidence respecting the additional charge was introduced without objection that it was beyond the scope of the inquiry, and that, during the examination of Mr. Kan, counsel facilitated the introduction of his client's signed confession by admitting that the stenographer, if present and sworn, would testify that he correctly reported and transcribed petitioner's statements, and that Government Exhibit B was such transcript. So far from sustaining the contention, the record would rather support the inference that counsel was fully aware of the fact that both charges were being covered by the hearing,

and that he chose to rely upon the untenable technical objection that no fair hearing could be had of a charge that was not stated in writing in the warrant of arrest. The case is therefore ruled by the decision in Siniscalchi v. Thomas, 195 Fed. 701, 115 C. C. A. 501, and ·cases there cited.

The order is affirmed.